## Moore *v.* Moore.

(Division B.   March 28, 1932.)

[140 So. 526.   No. 29925.]

W. E. Morse, of Jackson, for appellant.

McClendon & Phillips, of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

In 1929 the appellant, J. H. Moore, a resident of Jackson, Mississippi, filed a suit for divorce against the appellee, Mrs. Maggie Virginia Moore, alleging desertion and further alleging that there was one child, a boy, who was residing with his father. The appellee in that suit filed a motion for attorney's fees and temporary alimony.

An agreement was reached between the parties that J. H. Moore would pay to the appellee alimony in such an amount as and when he was able so to do, commensurate with his circumstances, and that, in event he failed so to do, then the court could fix the amount of alimony to be paid.

A decree was granted upon the ground of desertion, reciting as follows: "It appears that the parties herein

have agreed upon the alimony, that is, that J. H. Moore is to pay such amount as and when he is able so to do, commensurate with his circumstances, to Mrs. Maggie Virginia Moore, and in the event of failure on the part of J. H. Moore so to pay said alimony, then the court reserves the right to fix the amount of alimony to be paid.''

· This decree was rendered January 21, 1930, and on January 5, 1931, Mrs. Maggie Virginia Moore filed a petition in the present case showing that J. H. Moore had paid her only seventy-five dollars since the decree was entered on January 21, 1930; that he was employed by the railroad as a fireman, earning a substantial wage, and could have provided a reasonable support for her, but had willfully failed and refused so to do, and prayed that the court would carry out the terms of its former decree and fix a definite amount of alimony to be paid by the appellant per month.

The appellant answered this petition, undertaking to set up that Mrs. Moore deserted him without fault on his part, was living apart from him at the time the divorce was obtained, and that she was not entitled to alimony, and set up other grounds not necessary to set forth.

On the hearing of the motion, it appeared that J. H. Moore, as fireman, earned various amounts ranging from forty-five dollars to one hundred ninety dollars per month, an average of one hundred thirty dollars per month; that the total amount paid the appellee was only seventy-five dollars; that the appellee had worked in a hosiery mill at Meridian, earning only thirty-four dollars or thirty-five dollars per month, and that her health was such that she could not work continuously; and that she needed medical treatment.

The appellant further testified that, since the granting of the divorce decree, he had remarried, and that his living expenses were greater than his earnings, and that

he was not able to pay any amount more than he had paid.

The chancellor decreed that he pay the appellee the sum of ten dollars each month, payable on the 1st of each month, beginning September 1, 1931, and from this decree this appeal is prosecuted.

It is argued that the chancellor had no power to change the terms of the decree to monthly payments, as the proof showed that there was no appreciable change in the condition of the parties since the rendition of the original decree.

We think there is no merit in this appeal. The agreement between the parties was that J. H. Moore should pay alimony to the appellee as and when he was able, commensurate with his circumstances. It was contemplated that he would pay a reasonable amount based upon his earnings. The decree expressly reserved to the court the power to determine what he should pay, in case he did not pay to the satisfaction of the appellee. No specific amount was fixed, and the amount to be paid was not to be determined absolutely by either party. In case they disagreed, the chancellor had reserved the power to decide the question.

We think the amount paid during the period was not a reasonable amount having a relation to the earnings and the circumstances of the parties.

Under no conception of legal right or justice could this payment of seventy-five dollars a year be held to be a compliance in good faith with the decree. When the last decree was rendered, the earnings of the appellant were somewhat uncertain, but we think the amount allowed is extremely small, considering the evidence in the record, and the impossibility to live in reasonable comfort on the earnings of Mrs. Moore plus the allowance of the chancellor. As the appellee has not complained by taking an appeal, we think the appellant is most fortunate, and is not entitled to complain. A person is not per-

mitted to avoid the payment of alimony by spending more than his income, especially where the income is a fair one.

The judgment of the court below, therefore, will be affirmed.

Affirmed.